IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                                        ORDER

    v.                                              13-cr-00149-wmc-1

DEAN DOUGLAS GOSSETT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Dean Gossett's supervised release was held on September 23, 2014, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Laura Przybylinski-Finn. Defendant was present in person and by counsel, Peter R. Moyers. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

FACTS

From the record and stipulation I make the following findings of fact.

Defendant was sentenced in the District of Minnesota on August 6, 2009, following his conviction for conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a three-year term of supervised release to follow. Jurisdiction of this case was transferred to the Western District of Wisconsin on November 25, 2013.

Defendant's term of supervised release commenced on April 16, 2012.

Defendant violated the mandatory condition prohibiting him from unlawfully possessing a controlled substance and requiring him to refrain from any unlawful use of a controlled substance. On August 6, 2014, defendant admitted to his probation officer that he had used methamphetamine on July 20, 2014. On August 8, 2014, a violation report was submitted to the Court, and it was ordered that further violations would result in a summons or warrant.

Defendant again violated the mandatory condition prohibiting him from unlawfully possessing a controlled substance and requiring him to refrain from any unlawful use of a controlled substance. On August 28, 2014, defendant tested positive for amphetamines. On August 29, 2014, he admitted to his probation officer that he had used methamphetamine again on August 25, 2014.

## CONCLUSIONS

Defendant's violations warrant revocation, but a plan has been proposed by the supervising probation officer that gives the defendant an opportunity to yet succeed on release. Given that the defendant has had a period of success on supervision before stepping backward, has apparently been able to remain sober and drug free for the past few weeks, been re-hird to a good paying job and appeared here in Madison today, the court is willing to accept this plan. Accordingly, the three-year term of supervised release imposed on defendant on August 6, 2009, will be continued subject to imposition of the following, two additional special conditions.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 6, 2009, is CONTINUED, with the addition of the following special conditions:

<u>Special Condition</u>: Abstain from the use of alcohol.

<u>Special Condition</u>: Spend up to 180 days in a residential reentry center, as approved by the supervising U.S. Probation Officer, with admission upon the first available vacancy.  Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules.  Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence.  Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising probation officer.

Entered this 23rd day of  September  2014.

BY THE COURT:

*/s/ William Conley*
_____
Honorable William M. Conley
U.S. District Judge